Smith, P. J.
The complaint alleges, in substance, that the defendant is a railroad corporation engaged as a common carrier in the transportation ■ of passengers and their baggage, for *257 hire, over its railway from Toronto to Buffalo; that about the-6th of May, 1884, it received into its cars the plaintiff and his wife and their trunk containing wearing apparel, etc., to be carried from Toronto to Buffalo; and that by the negligence of the defendant and its servants, the trunk with its contents, “was' lost.
The plaintiff testified that on 6th of May,' 1884, he presented said trunk at defendant’s baggage room in Toronto, producing’ his passage tickets-at the same time, and asked the baggage master or a person acting in that capacity, to check the trunk to Buffalo; that the baggage master replied “ All right.” and gave him a check marked “ Gr. T. R’way, 28020 ; that when plaintiff arrived at Buffalo, he demanded his trunk at the depot' and did not receive it, and that some time after the commencement of the suit he saw the trunk at the Erie depot in Buffalo, but did hot then demand it.
It appeared at the trial that the defendant’s road extends no further than to Suspension Bridge: that at that point it connects with the New York, Erie and Western Railway, over which road the defendant sells tickets to Buffalo as the agent of the Erie company, and that fact was stated on the tickets purchased by the plaintiff. "
The testimony given by the plaintiff as to what was said to him by the baggage man when the trunk was checked -was controverted, and evidence was given on the' part of the defendant tending to show" that the person who had the trunk .checked was not the plaintiff, but his father-in-law, Mr. Mulquinn; that the baggage master checked" it for Suspension Bridge, and that he told Mulquinn that it was checked' for that point and he must look after it there and pass the customs inspection. It was also shown that by an act of Congress, all baggage of passengers imported into the United States from any contiguous, foreign country, with' certain exceptions which do not affect this case,' is required to be unladen in the presence of, and inspected by, a customs.officer, at the first port of entry-or customhouse in the U. 'S. where the same shall arrive, and the owner or person having such luggage' in charge may be required by the’officer to open the same or deliver to him the proper key, for the purpose of such, inspection. - ’ ' - ' -i '
. The trial judge left it to the'jury to find whether the defendant contracted with the plaintiff to deliver the trunk at Buffalo ; and he instructed them that if the defendant did so' contract, the plaintiff was entitled to recover, otherwise, not. ;
It appears that the person who checked the trunk was an- assistant baggage-master, having the checks of the company in his possession, and that it was his business to check baggage. The plaintiff, dealing with him, had the right to infer that he possessed the powers usually assigned to the position which'he'oc *258 cupied. (Isaacson v. N. Y. C. H. R. R. R. Co., 94 N. Y., 278.)
But tbe defendant, in contracting to carry the trunk beyond the terminus of its own road, acted merely as the agent of the connecting company, and of that fact the plaintiff was advised, at the time, by the notification printed upon his ticket, which he had purchased and had in his possession several days before he delivered his trunk at the defendant’s station.. He was also advised thereby, that the baggage man in undertaking that his trunk should be carried over the Erie road from Suspension Bridge tojluffalo, was acting merely within the authority which the Canada company possessed as the agent of the Erie company. In other words, the contract made in that regard, was made by the Erie company and not by the defendant, and the defendant’s liability was discharged when it delivered the trunk at the ¡station of the Erie company at Suspension Bridge.
The motion for a new trial was denied at special term on the ground that whether or not the baggage man had authority to contract to deliver the trunk at Buffalo, his statement to the plaintiff that it was checked for that point, if unauthorized, misled the plaintiff and was an act of negligence which is imputable to the defendant; that proposition does not appear to have been .litigated or suggested at the trial; on the contrary, the judge instructed the jury, as has been said, that if the defendant did not contract to deliver the.trunk at Buffalo, the plaintiff can not recover. The case must be treated on appeal, as it was treated :atthetriaL (Weeks v. R. R. Co., 72 N. Y., 50, 55; McKechnie v. Ward, 58 N. Y., 541, 546.)
Order reversed, and a new trial ordered; costs to abide event.
BarKee, and Bradley, J J., concur; Haight, J., not sit-ling.